**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **DIANE HERNANDEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:24-cv-00143-BP** |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Diane L. Hernandez ("Hernandez") applied for Title II Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). The Commissioner denied her application initially and upon reconsideration, deciding that she was not disabled. Hernandez appealed. There is no reversible error in the residual functional capacity ("RFC") that the Administrative Law Judge ("ALJ") formulated, and there is substantial evidence to support the ALJ's findings that Hernandez was not disabled and that there were a significant number of jobs exist in the national economy that she could perform. Accordingly, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** the case **with prejudice.**

## I. BACKGROUND

Hernandez was born on January 5, 1967. Soc. Sec. Admin. R. (hereinafter "Tr.") 32. She applied for DIB and SSI on November 4, 2021, alleging disability since April 1, 2018. ECF No. 1 at 1, Tr. 19. On the alleged disability onset date, she was closely approaching advanced age. Tr. 32. After a telephonic hearing on November 9, 2023, the ALJ denied her application for benefits in a decision dated February 21, 2024. Tr. 16-55. The Appeals Council ("AC") denied her request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 7-11. Hernandez

filed this civil action seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c). *See* ECF No. 1; *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (citing 20 C.F.R. § 416.1400(a)(5)) ("[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review.").

## II. STANDARD OF REVIEW

Titles II and XVI of the SSA govern the DIB program and SSI programs, respectively. *See* 42 U.S.C. §§ 401-434; §§1381-1383f. Claimants seeking benefits under either program must prove that they are "disabled" within the meaning of the SSA. *See Hollis v. Bowen*, 837 F.2d 1378, 1382 n.3 (5th Cir. 1988) (stating the "relevant law and regulations governing the determination of disability under a claim for [DIB] are identical to those governing the determination under a claim for [SSI]"). A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), § 1382c(a)(3)(A). To determine whether a claimant is disabled and thus entitled to benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a).

First, the claimant must not be presently doing any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* § 404.1572. Second, the claimant must have a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See* 20 C.F.R. § 404.1520(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpt. P, app. 1). Before proceeding to steps four and five, the Commissioner assesses the claimant's RFC and considers

her past relevant work ("PRW"). *See id.* § 404.1520(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [her] limitations." *Id.* § 404.1545(a)(1).

Previously, PRW meant work the claimant performed "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id*. § 404.1560(b)(1). The definition has since changed, and as of June 22, 2024, PRW means the "work that you have done within the past five years that was substantial gainful activity and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(2). The Commissioner made his decision regarding Hernandez's application prior to June 22, 2024, so the previous definition is proper in this case. *See* Tr. 28.

Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to his PRW considering his or her RFC. *Id.* § 404.1520(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* § 404.1520(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th

Cir. 1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

## III. ANALYSIS

The Commissioner, acting through the ALJ, completed the five-step evaluation process here. *See* Tr. 19-28. First, the ALJ found Hernandez had not engaged in substantial gainful activity since April 1, 2018. *Id.* at 21. Second, he found the following medically severe impairments: status-post bilateral carpal tunnel syndrome ("CTS") repair; status-post trigger finger releases, left knee meniscus tear, degenerative disc disease of the lumbar spine, and tarsal tunnel syndrome. *Id*. at 22. Third, he identified no impairment or combination of impairments that qualify under the federal regulatory list. *Id*. He then assessed Hernandez's RFC and found "[a]fter careful consideration of the entire record" that Hernandez could "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: frequent handling, fingering, and feeling with the bilateral upper extremities." *Id*. At step four, the ALJ determined that Hernandez was unable to

perform any past relevant work because "[her] past relevant work would be precluded by the light [RFC]." *Id*. at 26.

At step-five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Hernandez could perform, specifically as a marker, electronics worker, and locker room attendant. *Id*. at 27. Moreover, the ALJ found that because of her advanced age, she still could perform the work of a companion, and that 60,000 positions available positions as a companion "constitutes a significant number of jobs in the national economy." *Id*. The step-five finding meant that Hernandez was ineligible for DIB or SSI because she was not disabled, a finding that terminated the ALJ's evaluation. *Id.*; *see Lovelace*, 813 F.2d at 58.

Hernandez seeks reversal of the ALJ's decision because the "ALJ's [RFC] assessment [was not] supported by substantial evidence when there were no medical opinions in Hernandez's file that assessed how her severe impairments affected her ability to work." ECF No. 12 at 2. She further alleges that the ALJ impermissibly "relied on his own interpretation of the raw medical data to determine the RFC." *Id.*

**A. Substantial evidence supports the ALJ's RFC determination.**

The RFC is an ALJ's assessment, based on all relevant medical and other evidence in the record, of the *most* that a claimant can still do despite her limitations. *See* 20 C.F.R. § 404.1545 (emphasis added). It reflects the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis. *See* Social Security Regulation ("SSR") 96-8P, 1996 WL 374184, at *2 (S.S.A. July 2, 1996); *see Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). A regular and continuing basis is an eight-hour day, five days a week, or an equivalent schedule. *See* SSR 96-8P, 1996 WL 374184 at *2. "The RFC determination is a combined medical assessment of an applicant's impairments with descriptions by physicians,

the applicant, or others of any limitations on the applicant's ability to work." *Mary L. v. Comm'r of Soc. Sec.*, No. 3:23-cv-1430-BK, 2024 WL 3939571, at *3 (N.D. Tex. Aug. 26, 2024). The RFC determination is the sole responsibility of the ALJ. *See Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (citing *Ripley*, 67 F.3d at 557); 20 C.F.R. § 404.1546. Substantial evidence must support an RFC determination, and the ALJ, not the court, resolves any conflicts in the evidence. *See S.K. v. O'Malley*, No. 3:24-cv-092-BR, 2024 WL 2162777, at *2 (N.D. Tex. May 14, 2024).

"Because a determination [of] whether an impairment[ ] is severe requires an assessment of the functionally limiting effects of an impairment[ ], [all] symptom-related limitations and restrictions must be considered at this step." *Martinez v. Kijakazi*, No. 3:20-cv-3282-BH, 2022 WL 4590577, at *11 (N.D. Tex. Sept. 29, 2022) (quoting SSR 96-3P, 1996 WL 374181, at *2 (S.S.A. July 2, 1996)). Ultimately, a severity determination may not be "made without regard to the individual's ability to perform substantial gainful activity." *Stone v. Heckler*, 752 F.2d 1099, 1104 (5th Cir. 1985).

In making an RFC determination, the ALJ considers evidence of a claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the record. *See* 20 C.F.R. § 404.1529(a). The ALJ also examines a claimant's medical history which often documents "such matters as test results, physicians' interpretations of those tests, diagnoses, treatments and procedures, and information regarding [a claimant's] recovery from those procedures." *Wills v. Kijakazi*, No. 22-20609, 2023 WL 4015174, at *4 (5th Cir. 2023) (per curiam).

"Under the current regulations, ALJs do not 'defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings.'" *Mary L.*, 2024 WL 3939571, at *4 (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). In reviewing

all evidence in the record, "an ALJ is free to reject any medical opinion when the evidence supports a contrary conclusion." *Ward v. Comm'r of Soc. Sec.*, No. 5:24-cv-00153-BP, 2025 WL 531783, at *5 (N.D. Tex. Feb. 18, 2025) (internal citations omitted). Additionally, an ALJ's RFC finding does not need to "mirror or match a medical opinion." *Mary L.*, 2024 WL 3939571, at *4 (internal citations omitted). Nor is there a requirement that an ALJ is required to incorporate limitations in the RFC that she did not find the record supported. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991).

While an ALJ generally should "request a medical source statement describing the type of work that the applicant is still capable of performing[, t]he absence of such a statement . . . does not, in itself, make the record incomplete." *Gonzales v. Colvin*, No. 3:15-cv-0685-D, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016) (quoting *Ripley*, 67 F.3d at 577); *see also Vasquez v. O'Malley*, No. 24-50233, 2024 WL 4381269, at *2 (5th Cir. 2024) (finding "[a]n administrative record is not *per se* incomplete without a medical opinion about a claimant's limitations, so long as it otherwise contains substantial evidence to make the RFC assessment"). Medical opinions are just one category of evidence that ALJs consider when making an RFC determination. *See* 20 C.F.R. § 1513.

The pertinent SSRs explain that an RFC assessment takes into consideration many factors, not just medical evidence. *See* SSR 96-8p, 1996 WL 374184 at *3 (July 2, 1996) (RFC is based on all the relevant evidence of an individual's abilities to do work-related activities); *see Johnny M. v. Saul*, No. 5:20-cv-173-BR, 2022 WL 9597736, at *4 (N.D. Tex. Jan. 21, 2022) (affirming the ALJ's decision based on substantial evidence because the ALJ had considered the medical and other evidence in the record, even absent a medical source statement describing the types of work Plaintiff could do). Thus, when there is no medical statement in the record, the inquiry shifts and

"focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557; *see S.K.*, 2024 WL 2162777, at *3 (finding that "[a]n ALJ may properly make a disability determination that does not expressly adopt any medical opinion when it is based on substantial evidence").

Although a claimant's step-two burden is quite low, it remains exceedingly difficult to show that substantial evidence does not support an ALJ's opinion, in whole or in part. Evidence is substantial if it "is more than a mere scintilla," but it need not be greater than a preponderance. *Boyd*, 239 F.3d at 704. It is the bare minimum needed for "a reasonable mind [to] accept to support a conclusion." *Ripley*, 67 F.3d at 555 (quoting *Greenspan*, 38 F.3d at 236). A finding of no substantial evidence is only appropriate where a reasonable mind could not support the ALJ's conclusion based on the evidence under consideration. *See id.*

Substantial evidence did not support the ALJ's RFC determination in *Ripley*, thus warranting remand, because the record "d[id] not clearly establish…the effect [the claimant's] condition had on his ability to work." *Id.* at 557. The ALJ found Ripley not disabled because he could perform sedentary work. *Id.* Even though the record included "a vast amount of medical evidence," including "reports discussing the extent of Ripley's injuries," no reports from "qualified medical experts" showed how Ripley's condition affected his ability to perform sedentary work. *Id.* at 557 & n.27.

After *Ripley*, the Court found that reversible error lies where the "record does not clearly establish" how an applicant's condition affects her ability to work. *Bowles v. Comm'r of Soc. Sec.*, No. 7:20-cv-00112-O-BP, 2021 WL 7451148, at *3 (N.D. Tex. Oct. 19, 2021), *rec. adopted*, 2022 WL 768546 (N.D. Tex. Mar. 14, 2022); *Fitzpatrick v. Colvin*, No. 3:15-cv-3202-D, 2016 WL 1258477, at *7-8 (N.D. Tex. Mar. 31, 2016); *Thornhill v. Colvin*, No. 3:14-cv-335-M, 2015 WL

232844, at *10 (N.D. Tex. Dec. 15, 2014), *rec. adopted*, 2015 WL 232844 (N.D. Tex. Jan. 16, 2015).

Hernandez argues that substantial evidence did not support the ALJ's RFC determination. ECF No. 12 at 2. She asserts that the ALJ found that she had been diagnosed with numerous severe physical impairments, but that the medical consultants did not assess how her severe impairments affected her ability to work. ECF No. 12 at 7-8. Hernandez continues that the ALJ relied on his own interpretation of raw medical data and non-medical evidence to assess her RFC. *Id*.

However, the record reflects that in determining the RFC, the ALJ incorporated medical evidence and reviewed the entire record. For instance, the ALJ indicates that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Tr. 22. He considered Hernandez's subjective complaints, objective medical evidence including records from surgeries, therapy, x-ray, and Hernandez's testimony. Tr. 22.

The ALJ found that "the objective medical evidence does not provide strong support for the claimant's allegations of disabling impairments." Tr. 23. He then summarized portions of the objective medical evidence and observed that "[Hernandez] is generally noted to have normal ambulation." Tr. 23. He also considered this evidence and the non-medical evidence including that offered at the hearing in which Hernandez confirmed that she had worked part-time for much of the period after the alleged onset date of disability and served as the " primary caregiver for her nearly dependent mother." *Id*. The ALJ states that "[t]he combination of medical and non-medical evidence suggests that [Hernandez] is not as limited as alleged." *Id*.

The ALJ also reviewed physical therapy records showing that Hernandez was able to stand to cook and clean with minimal problems and was able to do her basic activities of daily living.

*Id*. He also noted the results of Hernandez's MRI in 2019, that showed no significant disc disease and only "mild multilevel degenerative changes." Tr. 24 (referencing Tr. 472, 475). He also compared her complaints of pain with records that indicated that Hernandez's "gait and station were normal, straight leg raises were negative, and sensory and motor function were intact." Tr. 24 (referencing Tr. 391, 405, 408, 410, 412, 424, 432, 436, 439, 443, 447). He observed that "[i]maging of the pelvis and bilateral hips was unremarkable." *Id*. (referencing Tr. 468). Finally, he noted that x-rays of the bilateral knees were grossly unremarkable, and that "[Hernandez] maintained adequate range of motion in all extremities…" *Id*. (referencing Tr. 466-467).

In reaching his decision, the ALJ carefully considered medical records, medical opinions, Hernandez's hearing testimony, and other evidence in the record. Tr. 22-25. Addressing the hearing testimony, the ALJ found that Hernandez's medically determinable impairments could be expected to cause some of her alleged symptoms. Tr. 23. Nonetheless, he found determined that Hernandez's statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence or other evidence in the record. *Id.* In support of this finding, the ALJ noted some of Hernandez's work history after the alleged onset disability date, medical records, and results of her unremarkable tests. *Id*.

After reviewing the entire record, the ALJ states that although the "medical consultants who reviewed the record….concluded there was insufficient evidence to evaluate the claims," the evidence received at the hearing, including the claimant's testimony and the updated orthopedic records "support the light [RFC]." Tr. 25. The ALJ's opinion references many factors that led to his conclusion that Hernandez is not disabled. The ALJ dedicated five pages of his opinion to an analysis of the entire record, including Hernandez's testimony at the hearing, previous treatment

and examinations from health care professionals, reported daily activities, medical opinions, and prior administrative medical findings. Tr. 21-25.

ALJs may assign more or less persuasive value to certain evidentiary sources and reach an RFC based on some, but not all, of the evidentiary record. *Vasquez v. Comm'r of Soc. Sec.*, No. 7:21-cv-00028-O-BP, 2022 WL 2975471, at *5 (N.D. Tex. June 30, 2022), *rec. adopted*, No. 7:21-cv-00028-O-BP, 2022 WL 2972240 (N.D. Tex. July 26, 2022). Thus, even though the ALJ noted that some of the medical consultants concluded there was insufficient evidence to evaluate the claim, the ALJ's decision is not devoid of any medical opinions, and the record as a whole supports his conclusion. The ALJ did not wholly reject the medical consultant's assessments, and he explained the reasoning for his decision. Accordingly, the ALJ properly evaluated the medical opinion evidence of record in reaching his conclusion.

**B. The ALJ did not rely solely on his own judgment in determining the RFC.**

Hernandez also claims that because there are no opinions from medical consultants in the record that assessed how her complaints affected her ability to work, the ALJ impermissibly substituted his own judgment for a competent medical opinion in forming Hernandez's RFC. *See* ECF No. 12 at 4-5. However, an ALJ's RFC determination need not mirror a medical professional's assessment.

In a similar case where the ALJ's RFC assessment did not restate any medical opinion, the Fifth Circuit noted that "[alt]hough the ALJ neither adopted the state agency report verbatim nor accepted the testimony of [a medical expert], it cannot be said that his decision was not based on substantial evidence or that he improperly applied the relevant legal standards." *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021). Moreover, the pertinent SSRs explain that an RFC assessment takes into consideration many factors, not just medical evidence. *See* SSR 96-8p, 1996

WL 374184 at *3 (July 2, 1996) (RFC is based on all the relevant evidence of an individual's abilities to do work-related activities). Further, under agency policy, even though the ALJ's RFC assessment may adopt a medical source statement, or elements of it, they are not the same. *See id*. Accordingly, an ALJ is permitted to consider the totality of the evidence in assessing a claimant's RFC.

There is no requirement that the ALJ consider or find at least one medical opinion persuasive for substantial evidence to support his RFC assessment. Nor is an ALJ required to adopt a specific physician's assessment. Instead, the ALJ is responsible for weighing all the evidence and determining a claimant's capacity for work. *See Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773 at *4 (5th Cir. Jan. 18, 2023). The Fifth Circuit also indicated that even in situations where no medical statement or opinion is present, the Court's "inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557; *accord Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005) ("This Court has held that the absence of a medical source statement about a plaintiff's ability to work does not, by itself, make the record incomplete."). The Fifth Circuit has commented that "experienced ALJs can draw their own conclusions based on accurate medical information." *Barrett*, 906 F.3d at 343.

Here, the ALJ heard Hernandez's testimony and description of her work activities after the alleged onset date of disability, assessed her subjective complaints and symptoms, and considered the objective medical evidence. He then determined that her symptoms were not as serious as she claimed, and he provided a reasoned basis for the RFC finding and conclusion that Hernandez was not disabled. *See* Tr. 22-25. Contrary to Hernandez's claim, under Fifth Circuit authority, the mere absence of a medical opinion does not render the record insufficient, underdeveloped, or erroneous

so long as substantial evidence supports the ALJ's decision. *See Gutierrez*, 2005 WL 1994289, at *7.

The Fifth Circuit has held that "ALJs are no longer required to give controlling weight to a treating physician's opinion…" *Webster*, 19 F.4th at 719-20. To that end, the ALJ here properly exercised his responsibility as fact finder to weigh the evidence and incorporate limitations in Hernandez's RFC assessment that the record supported. *Audler*, 501 F.3d at 447. This evidence included expert medical opinion and non-expert evidence in the record as a whole. The ALJ relied on that evidence is arriving at his RFC determination as the regulations and case law require. Accordingly, he did not commit reversible error on this point.

**IV. CONCLUSION**

Because the ALJ applied the proper legal standards and substantial evidence supports the ALJ's decision, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this case **with prejudice.**

It is so **ORDERED** on March 24, 2025.

Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE